UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-14044-CR-MARTINEZ/LYNCH(s)

UNITED STATES OF AMERICA,

    Plaintiff,

v.

SERGIO CARO,

    Defendant.
_____/

FILED by _____ D.C.

MAR 10 2011

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - FT. PIERCE

## REPORT AND RECOMMENDATION ON APPROPRIATENESS OF COUNSEL'S CJA VOUCHER FOR ATTORNEY'S FEES [VOUCHER #FLS 10-5184]

**THIS CAUSE** having come on to be heard upon the aforementioned CJA Voucher as referred by the District Court and this Court having reviewed the voucher, the submissions in support thereof filed by Omar F. Guerra Johansson, Esquire, as attorney for the Defendant Sergio Caro, as well as a copy of Mr. Johansson's letter to Judge Martinez explaining the underlying nature of the case, and this Court otherwise being advised in the premises recommends to the District Court as follows:

1. Counsel for the Defendant seeks reimbursement of $20,562.50 as reasonable attorney's fees for the tasks performed and hours spent as more particularly set forth in the voucher at the rate of $125.00 per hour. Additionally, Mr. Johansson seeks reimbursement of costs in the amount of $1,543.22.

2. This Court has reviewed the voucher which has also been reviewed by the CJA Administrator. This Court has also considered the explanation attached by Mr. Johansson concerning the extended nature of the case and his involvement in respect thereto. This Court is familiar with the case since it conducted all pretrial proceedings in this case. It is not necessary to conduct an evidentiary hearing based upon this Court's

familiarity with this case. Additionally, this is an administrative decision as opposed to an adversarial proceeding as delineated in United States v. Griggs, 240 F.3d 974 (11th Cir. 2001).

3. The attorney's fees sought by Mr. Johansson exceed the statutory cap set forth in 18 U.S.C. §3006A(d)(3). Therefore, this Court must determine whether this matter is "extended" or "complex" as defined in the statute. Extended is defined as a case requiring more time than normal. A complex case is defined as one involving facts unusual so as to justify expenditure of more time, skill and effort than normal.

4. The Defendant was charged along with several co-defendants in a Superseding Indictment alleging various counts of conspiracy to commit mail fraud and substantive counts of mail fraud and money laundering. The Defendant was charged in nineteen of the counts contained within the thirty-five count Superseding Indictment. The prosecution in respect to this Defendant was begun by the Defendant's initial appearance before this Court on or about July 28, 2010. The matter then proceeded through pretrial discovery and resulted in the Defendant entering a negotiated plea agreement and entry of his change of plea before Judge Martinez on October 7, 2010. Thereafter, Judge Martinez sentenced the Defendant on December 13, 2010 to a period of thirty-seven months in the Federal Bureau of Prisons to be followed by five years of supervised release and payment of restitution and court assessments.

5. Mr. Johansson was appointed as CJA counsel to represent the Defendant in this matter.

6. Based upon this Court's independent review of the detailed time records attached by Mr. Johansson as well as this Court's knowledge of the underlying case in

handling the pretrial matters concerning this Defendant and his co-defendants, this was not the normal criminal case. There was voluminous discovery provided by the government in this matter as is reflected by Mr. Johansson's explanation set forth in his letter of January 18, 2011 attached to the CJA voucher. The docket sheet in this matter reflects a response by the government to the Standing Discovery Order and at least three supplemental responses thereafter. The matter did involve various financial institutions and theories of prosecution concerning the allegations of mail fraud and money laundering in respect to various residences charged in the Superseding Indictment. This Court can certainly understand why it would have taken Mr. Johansson extended conferences with his client to completely review all of the discovery and discuss the Defendant's options in respect thereto. Even though the involvement of Mr. Johansson began shortly after the Defendant's initial appearance and was resolved by the time of sentencing on December 13, 2010 or within some four months, it is obvious to this Court that the matter does meet the definition of being extended. This Court cannot look only to the time period for which counsel was involved in the matter, but must also look at the underlying nature of the charges for which counsel was representing the Defendant, the applicable discovery associated in respect thereto, and the number of criminal counts for which counsel had to prepare.

7. In determining whether or not the matter is complex, this Court must look to the underlying charges for which the Defendant was indicted in the Superseding Indictment. This Court has already reviewed that previously herein. The tasks performed as set forth in Mr. Johansson's attachments and time records all appear to this Court to be reasonable and necessary in light of the charges the Defendant was facing in this

Superseding Indictment. The extensive discovery and the various counts charging not only conspiracy to commit mail fraud, but substantive counts of mail fraud and money laundering are not the normal "run of the mill" criminal prosecution. This Court does not find any tasks which were performed by Mr. Johansson which were unnecessary nor which should be adjusted. The travel time that Mr. Johansson had to incur to meet with his client who was detained is certainly understandable and that the conferences were not only several in nature, but lengthy as well due to the underlying nature of the prosecution and the discovery which was purportedly provided by the government. As such, the attorney's time devoted should be fully compensated as well as the expenses which Mr. Johansson documents within his attachments as well. Those expenses primarily involved copying of the voluminous discovery provided by the government to the Defendant pursuant to this Court's Standing Discovery Order.

**ACCORDINGLY**, this Court recommends to the District Court that the CJA Voucher #FLS 10-5184 be **GRANTED** and that Mr. Johansson be awarded the sum of $20,562.50 as reasonable attorney's fees together with costs in the amount of $1,543.22, for a total sum of $22,105.72.

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable Jose E. Martinez, the United States District Judge assigned to this case.

**DONE AND SUBMITTED** this 10th day of March, 2011, at Fort Pierce, Northern Division of the Southern District of Florida.

_____
FRANK J. LYNCH, JR.
UNITED STATES MAGISTRATE JUDGE

Copies furnished:
Hon. Jose E. Martinez
Omar F. Guerra Johansson, Esq.
Lucy Lara, CJA Administrator

5